Rec #66085
8/08/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD R. NOYES, Jr. )
    Plaintiff )
)
)
)
)
V. )
) **CIVIL COMPLAINT**
) **NO.**
)
SUN LIFE ASSURANCE ) 05-11640 NG
COMPANY OF CANADA, )
and SUN LIFE FINANCIAL, )
    Defendant )

MAGISTRATE JUDGE _Alexander_

NAMES and ADDRESSES:

**Plaintiff:**

    Edward R. Noyes, Jr.
    197 Hilldale Ave.
    Haverhill, Mass. 01830
    tel:(978)835-8333

**Defendant(s):**

    Sun Life Assurance Company of Canada
    SC 3208
    One Sun Life Executive Park
    Wellesley, Massachusetts 02481-5699
    Tel no. 1-800247-6875

-1-

## JURISDICTION

The Plaintiff, Edward R. Noyes, pro-se brings forward this Civil Complaint pursuant to the Employee Retirement Income security Act of 1974, (ERISA), this Federal Court has complete and only Jurisdiction for this Civil Complaint to recover Disability income that the Plaintiff has been deprived of since October of 2003.

## COMPLAINT

The Defendant Denied the Plaintiff's application for Total Disability income on September 4, 2004, knowing that the Plaintiff was "totally disabled," reason being that the Plaintiff's Job was considered "light duty," this job description totally contradicted the Plaintiff's Employer, Joseph P. Keefe Technical School, who had contracted the Defendant to insure all their employees without a job description prior to entering a contract, the Defendant required the Plaintiff's Employer to complete a "Statement of Fact," which included a complete job description, the Defendant's denial was based upon te Defendant manufacturing false and misleading data which they refused to substantiate. The Defendant Denied the Plaintiff's Appeal, said Denial dated May 10, 2005, again based upon the same reason, "light duty," refusing to produce the reference and/or publication in determining the Plaintiff's job as light duty," and despite their own hired surgeon who declared the Plaintiff as "totally disabled."

-2-

## BACKGROUND

The Plaintiff was under contract with South Middlesex Regional Vocational Technical school located at 750 Winter Street, Framingham, Massachusetts, 01702 as a Plumbing Teacher since June 29, 1988. His record was unimpeachable as a instructor for the School, the Plaintiff had ben diagnosed with Diabetes in 1986. The Plaintiff suffered a heart attack in 1996, was out on sick leave for approximately three (3) months. The Plaintiff sadly started to suffer more health issues in the early 2001-2003, severe back pain, diabetes was out of control, complications with his heart, such as clogging, since the time of his diabetes being diagnosed, to the present today, the Plaintiff has always been treated at the Lahey Clinic by a number of doctors. In August of 2003, the Plaintiff was suffering from a number of complications regarding cardiovascular issues diabetes out of control, and severe back pain, being not able to stand for extended periods of time, bend or lift any substantial weight, he was directed by his primary care physician, Dr.Clerkin, supported by his cardiologist, Dr. Bruce Mirbach, his neuro-surgeon, Dr. Sparacio, to immediately "**stop**" working, and to out on disability for the foreseeable future, this time-frame was between August of 2003 and October of 2003. The Plaintiff was ordered to undergo therapy regarding the back pain, and he was being closely being monitored by his Doctors for cardiovascular and diabetes issues. After being examined by his new Primary Care Physician, Dr. Thomas A. Fry, in May of 2004, the Plaintiff was informed that his working days were over, and that he was totally disabled, and this was affirmed by his Cardiologist,

Dr. Mirbach in July of 2004 after he completed a number of tests, and declared the Plaintiff **"totally disabled."**

## STATEMENT OF FACTS

1. All parties agree hat the Plaintiff is disabled.

2. All parties agree that the Plaintiff has been unable to work since October 1, 2003, meeting the required time fame established by the Defendant to receive Disability income, which is 60% of his last contracted salary at the time the Plaintiff went out on disability leave.

3. The defendant contracted outside medical consultants to incorporate into their Review, neither of three medical consultants ask to examine the Plaintiff in person, This being Drs. W. Wallace Watson, James L. Sarni, and Seth Lewin, all three agree That the Plaintiff could no longer lift more than ten (10) pounds, occasionally 20 Pounds, even one of their own doctors, Dr. Sarni that the Plaintiff is definitely restricted and can no longer perform as a plumbing instructor.

4. The Defendant denied the Plaintiff's application for Disability, said notice dated September 4, 2004 by knowingly manufacturing a false and misleading "job Description, stating that the Plaintiff could life up to ten pounds, occasionally 20 pounds, could sit down up to three hours a day, considered the job as "light duty," Totally contradicting the "job description" submitted by the Plaintiff's employer, Joseph P. Keefe Technical School, Leslie Lesperance, business manager, where part of the "job description," must life 50 pounds or more occasionally, must stand all

-4-

day for only a thirty (30) minute respite, constant bending, turning, and crawling, all functions of the Plaintiff's job that he can no longer perform.

5. The Plaintiff timely filed his Appeal, said Appeal was accepted and docketed On November 10, 2004.

6. In January of 2005, the Defendant requested that the Plaintiff be examined by two doctors of their choice, the Plaintiff agreed without hesitation, he had no problem being examined by any doctor, said examinations were completed by Drs. Friedman and Mansfield

7. Dr. Mansfield, a highly respected surgeon issued his report dated January 19, 2005 And a follow-up dated February 20, 2005 that the Plaintiff was totally disabled, and even with back surgery, it is highly unlikely that the Plaintiff could ever return to his job as a plumbing instructor.

8. The defendant contracted Robert Violetta, a rehabilitation case consultant who submitted a report dated May 2, 2005 that a plumbing instructor is not a plumbing job, totally defying common sense.

9. The defendant denied the appeal dated May 10, 2005, reasons for: job is considered light duty, defying all job descriptions established by State Educational Boards.

10. Despite numerous attempts by the Plaintiff, the Defendant through their authorized agent, Brian Sullivan, Appeals analyst, "refused"to produce a copy of the "occupational job analysis" claimed to be used by the Defendant in describing the Plaintiff's job as "light duty."

## RELIEF SOUGHT BY THE PLAINTIFF

1. That this Honorable Court state that the Plaintiff is Totally Disabled, And that he qualifies for total disability income.

2. That the Defendant be Ordered to start paying the Plaintiff 60% of his last contracted salary, which would amount to some $36,000.00 per year, to be divided equally over 12 months, commencing forthwith from this Court's Order.

3. That the Defendant be Ordered to pay in one lump sum, the disability income Retroactive back to October 1, 2004, plus prejudgment interest at the rate of 18% or whatever this Honorable Court deems fair and just. At the time of this Court's Order.

Signed under the pains and penalties of Perjury this 12th, of July, 2005.

Edward R. Noyes, Jr.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

EDWARD NOYES, Jr.
197 HILLDALE AVE.
HAVERHILL, MASS. 01330

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

SUN LIFE ASSURANCE COMPANY OF CANADA
ONE SUN LIFE EXECUTIVE PARK
WELLESLEY HILLS, MA. 02481-5699

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

pro-se

ATTORNEYS (IF KNOWN)
05-11640 NG
n/a

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The Plaintiff brings this civil complaint for disability pension pursuant to Employee Retirement Income Security Act of 1974 (ERISA)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ est. $380,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions): none

JUDGE _____ DOCKET NUMBER _____

DATE 7/17/05

SIGNATURE OF ATTORNEY OF RECORD
Edward R Noyes, pro-se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Edward Noyes, Jr. v.___
   __Sun Life assurance Company of Canada.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   xx  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   __  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   ___none___

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                     YES          NO xx

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                     YES          NO xx

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                     YES          NO xx

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                     YES          NO xx

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                     YES xx       NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      __EASTERN DIVISION__      CENTRAL DIVISION         WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION          CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Edward Noyes, Jr.__
ADDRESS __197 Hilldale Ave., Haverhill, Mass. 01830__
TELEPHONE NO. __(978) 835-8333__

(Cover sheet local.wpd - 11/27/00)