UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD R. NOYES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-11640 NG |
| ) | |
| SUN LIFE ASSURANCE COMPANY ) | |
| OF CANADA and ) | |
| SUN LIFE FINANCIAL, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant Sun Life Assurance Company of Canada ("Sun Life" or "Defendant")

(incorrectly referred to by Plaintiff as "Sun Life Assurance Company of Canada and Sun

Life Financial"), answers Plaintiff Edward R. Noyes, Jr.'s Complaint (the "Complaint")

as follows:

### FIRST DEFENSE

### JURISDICTION

Plaintiff's statement regarding jurisdiction is a legal conclusion to which no

response is required.  To the extent Plaintiff's jurisdictional statement contains factual

averments or a response is required, Sun Life lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in Plaintiff's jurisdictional

statement.

### COMPLAINT

Defendant admits that it denied benefits pursuant to correspondence, the content

of which speaks for itself, and denies the allegations in Plaintiff's "Complaint" section on

page 2 of the Complaint to the extent that they are incomplete and/or inconsistent with

{W0451647.2}

such correspondence.  Defendant denies the remaining allegations contained in the first sentence of Plaintiff's "Complaint" section on page 2 of the Complaint.  As for the allegations contained in the second sentence of Plaintiff's "Complaint" section, Defendant admits that, in a letter dated May 10, 2005, it affirmed the denial of Plaintiff's claim for long term disability benefits.  Defendant denies the remaining allegations contained in the second sentence of Plaintiff's "Complaint" section.

**BACKGROUND**

Defendant admits that Plaintiff was as a plumbing teacher employed by the South Middlesex Regional Vocational Technical School District starting on June 29, 1988 and denies the remaining allegations contained in the first sentence of Plaintiff's "Background" section.  As to the second sentence of Plaintiff's "Background" section, Defendant admits that Plaintiff has been diagnosed with diabetes.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of the "Background" section and therefore denies the same.  Defendant denies the allegations contained in the third sentence of the "Background" section of the Complaint.  As to the fourth sentence of Plaintiff's "Background" section, Defendant admits that doctors at the Lahey Clinic have treated Plaintiff.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of the "Background" section and therefore denies the same.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of the "Background" section and therefore denies the same.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of the "Background"

section and therefore denies the same.  As to the seventh sentence of Plaintiff's

"Background" section, Defendant admits that Dr. Fry examined Plaintiff.  Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in the seventh sentence of the "Background" section and therefore denies the

same.

## STATEMENT OF FACTS

1.      Defendant denies the allegations contained in Paragraph 1 of the

Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of the

Complaint.

3.      Defendant admits that Drs. Watson, Sarni, and Lewin reviewed Plaintiff's

claim file and incorporated their opinions in various reports the content of which speak

for themselves.  Defendant denies the allegations in Paragraph 3 of the Complaint to the

extent they are incomplete or inconsistent with the contents of those reports.

4.      Defendant admits that it denied benefits pursuant to correspondence, the

content of which speaks for itself, and denies the allegations in Paragraph 4 of the

Complaint to the extent that they are incomplete and/or inconsistent with such

correspondence.

5.      Defendant admits that it received Plaintiff's letter of appeal on November

10, 2004 and denies any remaining allegations contained in Paragraph 5 of the

Complaint.

6.      Defendant admits that Plaintiff was examined by Dr. Friedman and Dr. Mansfield and denies any remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant admits that it received correspondence dated January 19, 2005 and February 20, 2005 from Dr. Mansfield related to Plaintiff, the content of which speaks for itself, and denies the allegations in Paragraph 7 of the Complaint to the extent that they are incomplete and/or inconsistent with such correspondence.

8.      Defendant admits that it received a report from Robert Violetta on May 2, 2005 and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.      Defendant admits that, in a letter dated May 10, 2005, it affirmed the denial of Plaintiff's claim for long term disability benefits.  Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## RELIEF SOUGHT BY THE PLAINTIFF

Defendant admits that Plaintiff seeks the relief described in Paragraphs 1 – 3 of this section of the Complaint, but Defendant denies that Plaintiff states a legally sufficient claim or is entitled to any relief.

## SECOND DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiff's claims are governed by ERISA, any remedies not provided for under ERISA, are preempted by ERISA.  More specifically, Plaintiff's negligence claim, the demands for money judgment, injunctive relief ordering payment of future benefits and an order precluding further denial of benefits by Unum are not permitted under ERISA and are preempted.  *See Pilot Life v. Dedeaux*, 481 U.S. 41 (1987).

## FOURTH DEFENSE

The recovery herein, if any, is limited to the terms, conditions, limitations, exclusions and other provisions of the Policy.

## FIFTH DEFENSE

Defendant has complied with and performed all of its promises, obligations and duties to Plaintiff under the Policy and the handling of the claim for disability benefits under the Policy complied fully with the terms and conditions of applicable law.

## SIXTH DEFENSE

Defendant's handling of the claim was reasonable and all actions in the handling of said claim were taken in good faith.

## SEVENTH DEFENSE

Each and every act or statement done or made by Defendant and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

{W0451647.2}                                    5

## EIGHTH DEFENSE

The Policy contains monthly benefits reductions, which offset the amount of disability benefits payable under the Policy.

## NINTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits under the terms of the Policy, which contentions Defendant denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits under the Policy given, *inter alia*, the possibility of the recovery, as well as the effect of different requirements, exclusions and/or limitations thereunder.

## TENTH DEFENSE

Defendants' decisions were neither arbitrary nor capricious.

## ELEVENTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to satisfy the conditions precedent of the Policy.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully requests:  (i) that the Court dismiss the claims against Defendant with prejudice and that judgment be entered in Defendant's favor on such claims; (ii) that Defendant be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

DATED:  February 21, 2006

/s/ Nikolas P. Kerest_____
Nikolas P. Kerest
Bar No. 647462

PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100

*Attorneys for Defendant*
*Sun Life Assurance Company of Canada*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the enclosed pleadings were served upon Plaintiff, via regular mail, postage prepaid, addressed as follows:

Edward R. Noyes, Jr.
197 Hilldale Avenue
Haverhill, MA 01830

DATED:  February 21, 2006

/s/ Nikolas P. Kerest_____
Nikolas P. Kerest

{W0451647.2}