UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD R. NOYES, JR.,           ) | |
|                     Plaintiff,           ) | |
|         v.           ) | Case No. 1:05-CV-11640 NG |
| SUN LIFE ASSURANCE COMPANY     )<br>OF CANADA and           )<br>SUN LIFE FINANCIAL,           ) | |
|                     Defendant.           ) | |

**JOINT STATEMENT OF PARTIES IN
ACCORDANCE WITH LOCAL RULE 16.1**

In accordance with the provisions of Local Rule 16.1(D), and the Court's Notice of Scheduling Conference dated February 23, 2006, the parties hereby submit their Joint Statement addressing a proposed pretrial schedule.

The parties have conferred pursuant to Local Rule 16.1(B) regarding a joint discovery plan. Plaintiff's action arises from Defendant Sun Life Assurance Company of Canada's ("Sun Life") denial of Edward R. Noyes Jr.'s claim for long-term disability benefits under an insurance policy (the "Policy") issued to his former employer. The Plaintiff has alleged a claim for disability benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). *See* Plaintiff's Complaint, Jurisdictional Statement, p. 2.

**I.   The Nature of the Case and Related Issues Regarding the Standard of Review and Scope of Review.**

    **A.   Standard of Review.**

The Policy contains discretionary authority language. The Policy provides:

> The Plan Administrator has delegated to Sun Life its entire discretionary authority to make all final determinations regarding claims for benefits under the benefit plan insured by this Policy. This discretionary authority includes, but is not limited to, the determination of eligibility for benefits, based upon enrollment information provided by the Policyholder, and the amount of any benefits due, and to construe the terms of this Policy.
>
> Any decisions made by Sun Life in the exercise of this authority, including review of denials of benefit, is conclusive and binding on all parties. Any court reviewing Sun Life's determinations shall uphold such determination unless the claimant proves that Sun Life's determinations are arbitrary and capricious.

(SLNoyes 29.)

Therefore, the parties agree that Sun Life's denial of long-term disability benefits is subject to an "arbitrary and capricious" standard of review by this Court. *See, e.g.*, *Firestone Tire and Rubber, Inc. v. Bruch*, 489 U.S. 101, 115 (1989); *Boardman v. Prudential Ins. Co.*, 337 F.3d 9, 15 (1st Cir. 2003); *Lopes v. Metropolitan Life Ins. Co.*, 332 F.3d 1, 4 (1st Cir. 2003).

**B.    Scope of Review & Discovery.**

The parties agree that because this Court is conducting a limited arbitrary and capricious review of Sun Life's decision to deny benefits, the Court's review is confined to the administrative record compiled by Sun Life during the claims process. *See Orndorf v. Paul Revere Life Ins. Co., Inc.,* 404 F.3d 510, 517 (1st Cir. 2005); *see also Lopes v. Metropolitan Life Ins. Co.*, 332 F.3d 1 (1st Cir. 2003) (holding that reviewing a "determination for arbitrariness, we and the overwhelming majority of other circuits have held that there is a strong presumption that the required deferential review of a plan administrator's benefits decision should be limited to the evidentiary record presented to the administrator"); *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003) (holding that the "ordinary rule is that review for arbitrariness is on the record

made before the entity being reviewed," and "the ordinary question is whether the administrator's action on the record before him was unreasonable"); *Chandler v. Raytheon Employees Disability Trust*, 53 F. Supp. 2d 84, 85 n.1 (D. Mass. 1999), *aff'd*, 299 F.3d 1133 (1st Cir. 2000) (holding that the record on an arbitrary and capricious review is limited to the materials before the plan administrator).

The parties also agree that because the Court's review is confined to the administrative record, no discovery is appropriate. *See Liston*, 330 F.3d at 23-24; *see also Maxwell v. Ameritech Corp.*, 7 F. Supp. 2d 905, 908-09 (E.D. Mich. 1998) (court may not function as plan administrator and can only consider information available to plan administrator; further discovery is inappropriate); *Palmer v. Univ. Med. Group*, 973 F. Supp. 1179, 1190 (D.Or. 1997) (denying discovery request and doubting if there is "any need for further discovery at all" when "judicial review is limited to the administrative record").

Plaintiff proposes that all communications forwarded to Sun Life by his employer after Plaintiff's appeal was denied be included in the administrative record. Defendant agrees that Plaintiff can submit post-appeal communications from his employer, if any exist, to the Court. However, Defendant reserves its right to argue that such materials are not part of the administrative record and thus should not be considered by the Court.

Plaintiff also proposes that his employer be allowed to file a supporting brief. In response, Defendant states that if Plaintiff's employer files a motion with the Court to be heard in connection with this case, Defendant will advise the Court of its position upon review of that motion.

**II.    The Parties' Proposed Pretrial Schedule.**

Defendant has produced a complete copy of the administrative record to Plaintiff. Within sixty (60) days of the Court issuing its Scheduling Order adopting the parties' proposed schedule herein, Defendant will file its motion for judgment on the administrative record. Plaintiff will then have thirty (30) days to file its respective opposition thereto and a cross motion, if any. Defendant will file its opposition to any cross-motion filed by Plaintiff within twenty-one (21) days thereafter.

**III.   Trial by Magistrate.**

The parties do not wish to seek trial before a Magistrate Judge.

**IV.    Certifications.**

Counsel for the Defendant certify they have conferred with their client (a) with a view to establishing a budget for the costs of conducting the full course, and various alternative courses of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs, such as those outlined in Local Rule 16.4.

The representations of Plaintiff and Defendant required by Local Rule 16.1(D)(3) will be filed under separate cover.

**V.     Settlement.**

The Plaintiff has submitted a settlement demand to the Defendant pursuant to Local Rule 16.1(C).  Defendant will respond promptly to the demand.  The parties are engaged in discussions regarding settlement and mediation.

Respectfully submitted,

| | |
|---|---|
| /s/ Edward R. Noyes, Jr._____ | /s/ Nikolas P. Kerest_____ |
| Edward R. Noyes, Jr. | Nikolas P. Kerest |
| | Bar No. 647462 |
| | |
| Edward R. Noyes, Jr., *pro se* | PIERCE ATWOOD LLP |
| 197 Hilldale Avenue | One Monument Square |
| Haverhill, MA 01830 | Portland, ME  04101 |
| | (207) 791-1100 |
| | |
| | *Attorneys for Defendant* |
| | *Sun Life Assurance Company of Canada* |

DATED:  March 15, 2006